BRIGGS v. DOWNING & MATTHEWS ET AL.

1. **Surety**: CONSIDERATION: PROMISSORY NOTE. To bind a surety upon a promissory note, who signed the same subsequent to the execution thereof by the principal and acceptance by the payee, and at the request both of payee and principal, some new consideration must be established, either of advantage to the signers of the note, or of prejudice to the payee.

*Appeal from Washington Circuit Court.*

SATURDAY, JUNE 8.

THE plaintiff claims of the defendants the sum of two hundred and sixty-one dollars and sixty-six cents, alleged to be due on two promissory notes executed by the defendants.

The defendant J. R. Phillips filed her separate answer, as follows: "Admits that on or about the time alleged by plaintiff defendants made to plaintiff the notes in suit; admits every other material allegation. But to have and maintain said action, plaintiff ought not, for that this defendant signed said notes at the request of plaintiff, and without any consideration whatever for so doing, and after the notes had been executed by the other defendants, Downing & Matthews." Afterwards, the defendant J. R. Phillips filed an amendment to her answer, as follows: "That after the notes in suit had been fully executed by the defendants Downing & Matthews to the plaintiff, and had been delivered to and accepted by plaintiff, with only said Downing & Matthews as makers, the same were, at the instance and request of plaintiff and the defendants Downing & Matthews presented to said J. R. Phillips, and her signature thereto requested and obtained; that said signing on the part of said Phillips was not in pursuance of any previous understanding or arrangement on her part nor on the part of plaintiff, nor on the part of either of the parties to said notes, and that she signed the

notes long after their execution, and without any consideration for so doing; that she had no interest whatever in the firm business of Downing & Matthews, nor in the consideration for which the notes were given, and asks judgment for costs." The plaintiff demurred to the answer, and the amendment thereto. The court sustained the demurrer. The defendant elected to stand on her answer, and judgment was rendered against her for two hundred and eighty dollars and forty cents.

The defendant J. R. Phillips appeals.

*Ed. W. Stone*, for appellant.

*Dewey & Beard*, for appellee.

DAY, J.—This case differs from *Dickerman v. Miner*, 43 Iowa, 508, and *Hamilton v. Hooper*, 46 Iowa, 515, in that the amendment to the answer in this case alleges

1. SURETY: consideration: promissory note.

that the defendant Phillips signed the notes at the instance and request of the other makers, Downing & Matthews. In the cases above referred to, the sureties signed the notes without the consent or knowledge of the principal, and it was held that the effect of such signing was to discharge the principal and bind the surety as the maker of a new note. The answer in this case alleges that the defendant Phillips signed the notes after they had been executed by the principals, and delivered to and accepted by the plaintiff. The undertaking of defendant was, therefore, a collateral one. Credit had already been extended to the principals. There must, therefore, be some new consideration, either of advantage to the defendants or prejudice to the plaintiff, to support the promise of the defendant, Phillips. See *Harwood v. Kinsted*, 20 Ill., 367 (374); *Tenny v. Prince*, 4 Pick., 385; S. C., 7 Pick., 243; *Leonard v. Indenburg*, 8 Johns. R., 29 (37), and cases cited; *Clark v. Small*, 6 Yerger, 418. The undertaking of the defendant being in writing imports a consideration. Still, it is competent for the defend-

ant to aver and prove that there was no consideration. The answer alleges that there was no consideration for defendant's promise, and, if this allegation be proved, defendant should be discharged. The demurrer should have been overruled.

REVERSED.