D. H. DAVIS ET AL.

v.

S. E. SMITH, FOR USE, ETC.

*Negotiable Instruments—Notes—Signature by Third Person after Delivery—Joint Makers — Instructions — Evidence — Practice — Admissibility of Note.*

1.   The signature of a note by a third person at the request of the payee, after execution and delivery, does not, in the absence of a new consideration, render him liable as a joint maker thereof.

2.   It is proper on an action on such note to admit the note in evidence to prove joint liability, leaving the defendants to show by evidence outside the face of the note that no joint liability exists

[Opinion filed November 23, 1888.]

IN ERROR to the County Court of Macon County; the Hon. W. E. NELSON, Judge, presiding.

Messrs. JOHNS & RANDOLPH and I. A. BUCKINGHAM, for plaintiffs in error.

Messrs. MILLS BROTHERS, for defendant in error.

CONGER, J.    Suit in assumpsit upon the following note:

"$320.00.                                "March 23d, 1887.

"Ten months after date, for value received, I promise to pay to the order of S. E. Smith, the sum of three hundred and twenty dollars, at Woodlack & Heights' bank, with interest at the rate of 8 per cent. per annum after due until paid.

"DAN. H. DAVIS,
"S. E. WARRICK."

To which said appellants, Davis and Warrick, filed their plea denying a joint liability, verified by their several affidavits.

The evidence showed that Davis made, executed and delivered the note to Smith on the day of its date, and that on the 24th of June, 1887, Smith went to Warrick, presented him the note, and told him he wanted him to sign it, so that he (Smith) could use it in bank.   That thereupon, with no new or additional consideration passing between any of the parties, Warrick signed the note and Smith took it away.   Davis was not present, and so far as the evidence discloses, was ignorant of the fact that Warrick was to be asked to sign the note.

Under such circumstances there was clearly no joint liability upon the part of Davis and Warrick as makers of the note. Whether Warrick would have been liable as guarantor it is not necessary to discuss, for if true, he would not be jointly liable with Davis, the maker.   But as *makers* of the note one was liable and the other was not; for as to Warrick the instrument was without consideration.

In Randolph on Commercial Paper, Vol. 2, Sec. 920, the rule is stated in the following language:

"If one becomes surety on commercial paper after it is made and delivered, the original consideration for the instrument will not suffice, but a new consideration will be needed to bind the surety.   If there was an agreement at the time the note was made for certain additional signatures as sureties, and they were afterward added, the instrument not being accepted as complete until then, the surety will be bound by such consideration."   To the same effect see also Favorite v. Stidham, 84 Ind. 423; Briggs v. Daning, 48 Iowa, 550;

Monson v. Drakley, 40 Conn. 552; Harwood v. Johnson, 20 Ill. 367.

The instructions upon the part of appellants seem to be in accordance with the foregoing statement of the law, while the first instruction for appellees is misleading, if not in direct conflict with such view.

But the verdict can not be sustained upon the facts as shown by the evidence, and a new trial should have been awarded.

Complaint is made that the court erred in admitting the note in evidence as *prima facie* sufficient upon its face to show a joint liability. In this action there was no error. The note appeared upon its face to show a joint liability. Its genuineness was not disputed by the plea. Hence it was proper to go to the jury without any preliminary proof.

The thirty-sixth section of the practice act requires that when joint liability is denied by plea verified by oath, proof of such joint liability shall be made to entitle the plaintiff to judgment. What better proof could be offered than the introduction of an instrument admitted by the defendants to have been executed by them, necessarily importing upon its face the joint liability of the makers of such instrument?

Aside from the statute, and under the common law rule, after the signatures to the note were proven to be genuine, the instrument would properly go to the jury.

If the paper did not necessarily upon its face import joint liability, then it is true, under the plea filed in this case, the plaintiff would be required to offer proof of such joint liability before offering the paper in evidence.

We think it was proper to put the note itself in evidence, as the best proof of joint liability, leaving appellants to show by evidence outside the face of the note that there was in fact no joint liability.

The judgment of the County Court will be reversed and the cause remanded.

*Reversed and remanded.*