FIRST NATIONAL BANK OF WAVERLY v. W. D. FORSYTH and Another.[1]

January 19, 1897.

Nos. 10,259—(228).

Negotiable Instrument—Overdue Interest.

An overdue and unpaid instalment of interest, known to the indorsee at the time of purchase, dishonors negotiable paper, and renders it subject, in the hands of the purchaser, to existing defenses between the original parties, the same as an overdue and unpaid instalment of principal. First Nat. Bank v. Scott Co., 14 Minn. 59 (77), followed.

Appeal by plaintiff from an order of the district court for Watonwan county, Cadwell, J., denying a motion for a new trial. Affirmed.

*Ashley Coffman*, for appellant.

*J. W. Seager* and *W. S. Hammond*, for respondents.

MITCHELL, J. The only question presented by this record is whether the promissory note in suit was dishonored paper at the time it was indorsed to the plaintiff, and therefore subject, in its hands, to defenses existing between the original parties. The note was executed April 4, 1891, and was payable July 1, 1894, with interest payable annually. The court finds that it was indorsed to the plaintiff on May 22, 1894; that on that day the plaintiff paid for it $243; that at that time there was interest overdue and unpaid on the note; and that that fact was known to the plaintiff at the time of the purchase. The evidence amply sustains these findings. No interest had ever been paid, and hence there were, at the time of the purchase, two yearly instalments of interest overdue and unpaid. The sum which was paid for the paper fully justified the court in finding that the plaintiff knew of this default. Therefore

[1] Reported in 69 N. W. 909.

67 M.—17

the case is not distinguishable from First Nat. Bank v. Scott Co., 14 Minn. 59 (77). We are asked, however, to overrule that case, for the reason that it stands alone and is contrary to the uniform current of authorities in other jurisdictions. If this was true, it would probably be sufficient reason for overruling the case, because uniformity is eminently desirable in rules governing negotiable paper.

All the authorities agree that, when the principal of a note is payable by instalments, and one instalment is overdue and unpaid at the time the paper is indorsed and transferred, the whole paper is dishonored, and subject to all equities between the original parties. Whether or not the same rule applies when there is an instalment of interest overdue is a controverted question,—at least, the authorities are not all agreed on it.

The cases holding, either directly or impliedly, that the indorsee for value of negotiable paper is within the protection of the law merchant, although interest is overdue and unpaid at the time of purchase, are the following: Nat. Bank v. Kirby, 108 Mass. 497; Cromwell v. County of Sac, 96 U. S. 51; Kelley v. Whitney, 45 Wis. 110; State v. Cobb, 64 Ala. 127; Brooks v. Mitchell, 9 Mees. & W. 15. The first three are the only cases in which the question is discussed, and of these the last two adopt substantially the line of reasoning used in Nat. Bank v. Kirby. Among the text writers Daniel, Bigelow, and Tiedeman favor this rule. The supreme court of Wisconsin had held the same way in Boss v. Hewitt, 15 Wis. 260, but held differently, or at least expressed different views, in Hart v. Stickney, 41 Wis. 630, but finally overruled this dictum in Kelley v. Whitney, supra.

The authorities on the other side of the question are Newell v. Gregg, 51 Barb. 263; First Nat. Bank v. Scott Co., supra, and Chouteau v. Allen, 70 Mo. 290–339. While Newell v. Gregg is not the decision of a court of last resort, we do not find that it has ever been overruled in the state of New York, or that the court of appeals of that state has ever passed upon the question. These are all the cases we have been able to find on either side. The line of reasoning in Newell v. Gregg is that, as to notice of dishonor, there is no difference between an overdue and unpaid instalment of principal and an overdue and unpaid instalment of interest; that payment of one is as much a part of the agreement as payment of the other; and

that, in either case alike, the indorsee takes the note with warning that there has been a default, and that the maker may have a defense; and hence, if the one renders the paper dishonored, there is no reason for holding that the other does not. The reasoning in Nat. Bank v. Kirby is that, in their effect upon the credit of a note, there is a manifest difference between a failure to pay interest and a failure to pay principal; that interest is an incident of the debt, and differs from it in that it is not subject to protest and notice to indorsers or to days of grace; that the statute of limitations does not run against it until the principal is due, etc.

If the question were a new one in this state, we might, possibly, be inclined to adopt the Massachusetts doctrine, as founded on the better reasoning. But First Nat. Bank v. Scott Co. has stood unchallenged in this state for 27 years, and the decisions are not so numerous or so uniformly in favor of the opposite doctrine as to clearly prove that it is the established rule of the commercial world generally. If the rule ought to be changed, it is a very easy matter for the legislature to do it. The practical difference between the two doctrines is not as great as might at first seem, for, even under the Massachusetts rule, the nonpayment of interest is a fact proper to be considered, in connection with other circumstances, upon the question whether the holder is entitled to the position of one who has purchased the paper in good faith and without notice of existing defenses. And we do not think any court has ever gone so far as to hold that the defaults in payment of interest may not be so numerous and of such long standing as to be sufficient, of themselves, to justify a court or jury in finding that the holder was not a purchaser without notice. For these reasons we think that First Nat. Bank v. Scott Co. should be followed, upon the ground, if no other, of stare decisis.

Order affirmed.