MERCHANTS STATE BANK OF VELVA, Appellant, v. ED. ROLINE et al., Appellees.

**BILLS AND NOTES:** Execution and Delivery—Subsequent Signing—
1 **Effect.** A party who signs a note *after* its execution, delivery, and acceptance is not liable to the payee when there was no consideration for such signing, either in the form (1) of some advantage to some of the signers, or (2) of some disadvantage to the payee, or (3) of an agreement, at the time of the original execution and delivery, that the note would be so signed.

**TRIAL:** Instructions—Request Which Ignores Defense. An instruc-
2 tion is properly refused when it ignores a pleaded and supported defense. So held as to an instruction which asserted the absolute liability of an accommodation maker of a note, regardless of consideration, when the pleaded and supported defense was that such maker signed the note *after* its execution and delivery, and without consideration of any kind to *anyone*.

**APPEAL AND ERROR:** Harmless Error—Striking Legal Conclusion
3 **Only.** It is harmless error—if error it be—to strike a pleader's legal conclusion from the facts pleaded. (Book of Anno., Vol. 1, Sec. 11548, Anno. 54 et seq.)

Headnote 1:   8 C. J. pp. 250, 251.   Headnote 2:   8 C. J. p. 1072. Headnote 3:   4 C. J. p. 939.

*Appeal from Franklin District Court.*—SHERWOOD M. CLOCK, Judge.

NOVEMBER 24, 1925.

ACTION upon a promissory note against one who signed as

a co-maker after the execution and delivery of the note to the payee. The defense was a want of consideration. From judgment upon a verdict for defendant the plaintiff appeals.— *Affirmed.*

*Ladd & Rogers, J. A. Rogers,* and *John M. Hemingway,* for appellant.

*Birdsall, McGrath & Archerd,* for appellee.

VERMILION, J.—The action is upon a promissory note for $2,386, payable to the appellant bank and signed by Herman M. Roline and the defendants Ed. Roline and Matilda Roline. Ed.

**1. BILLS AND NOTES: execution and delivery: subsequent signing: effect.** Roline made no defense,· and judgment was rendered against him. The appellee Matilda Roline is the mother of the other two signers of the note.

It is undisputed that the note was signed by Herman M. Roline and Ed. Roline on October 30, 1919, the date of the note, and that it was signed by the appellee Matilda Roline sometime in the spring of 1920. It is also undisputed that the debt for a part of which the note was given, was originally the debt of Ed. Roline, and that Herman assumed and agreed to pay the portion represented by the note in suit in connection with the purchase by him from Ed. of an interest in certain personal property, and that no consideration moved to appellee at the time she signed the note, nor was any extension of time then granted or other disadvantage suffered by the bank. The only issue submitted to the jury was whether, at the time Herman and Ed. Roline signed the note, there was an agreement that appellee should sign it, and whether she subsequently signed it in pursuance of such agreement. The court instructed that, if such an agreement was established, appellant was entitled to recover.

I. It is well settled that, where credit has already been extended to the principal on a note, some new consideration, either of advantage to the defendants or prejudice to the plaintiff, must exist, to support the promise of one who subsequently signs it, except where there was an agreement or representation, at the time the note was originally executed, that the signa-

ture of the subsequent signer would be procured, and the accept-
ance of the note was induced thereby. *Briggs v. Downing &
Matthews,* 48 Iowa 550; *Bank of Carrollton v. Latting,* 37 Okla.
8 (130 Pac. 144, 44 L. R. A. [N. S.] 481, and note in the last
named publication); 8 Corpus Juris 257.

Appellant insists that appellee was an accommodation
maker, and relies upon Section 9489, Code of 1924. That sec-
tion, a part of the Negotiable Instruments Act, is as follows:

"An accommodation party is one who has signed the instru-
ment as maker, drawer, acceptor, or indorser, without receiv-
ing value therefor, and for the purpose of lending his name to
some other person. Such a person is liable on the instrument to
a holder for value, notwithstanding such holder at the time of
taking the instrument knew him to be only an accommodation
party."

But Section 9486 provides:

"Where value has at any time been given for the instru-
ment, the holder is deemed a holder for value in respect to all
parties who became such prior to that time."

These statutes do not change the rule of the common law
above announced, but merely restate it.

It cannot, of course, be doubted that, had appellant signed
the note prior to the time it was accepted by the bank, she
would have been liable to the bank as a co-maker, although the
bank then had knowledge that she was only an accommodation
party; for the bank would then have taken her note for value.
But when she signed after the bank had taken the note, and
without any new consideration moving to the signers of the
note or from the bank, the latter was not a holder for value as
against her, because, under Section 9486, she was not a party
to the note prior to the time the bank took it for value.

It appearing without dispute that appellee signed the note
after its execution by her sons and its acceptance by the bank,
and that no consideration then moved to her, she was an ac-
commodation party; and, if no consideration then moved from
the bank, it did not become a holder for value after she became
a party to the note, and could not recover against her, unless
it accepted the note upon the agreement or representation of
the original makers that they would procure her signature.

There was a sharp conflict in the testimony as to whether or not such an agreement was made, and the question was clearly one for the determination of the jury.

II.   It follows from what has been said that there was no error in refusing to strike from appellee's amended and substituted answer the plea of want of consideration, and in overruling appellant's motion for a directed verdict.

III.   The court properly refused a requested instruction which said that the appellee would be liable as a maker if she signed the note as an accommodation for her son, and received nothing for so doing. The instruction ignored the pleaded defense that she signed after the execution of the note and its acceptance by the bank, and without any new consideration, and the evidence tending to so show. The subject of a requested instruction upon appellant's right to recover if there was an agreement, at the time of the execution of the note by the sons, that appellee should subsquently sign it, was covered by the court's charge.

2. TRIAL: instructions: request which ignores defense.

IV.   There were no sufficient exceptions to the instructions given by the court. Nevertheless, we have examined the charge, and are of the opinion that it fairly submitted the issue presented. The objections urged against the instructions given are largely hypercritical.

V.   Appellant assigns error in the striking of portions of its reply, wherein it was alleged that certain pleaded facts, which were not stricken, constituted an estoppel on the part of defendant to claim a want of consideration. The facts so pleaded were, in substance, that it was agreed, at the time the note was executed by Ed. and Herman Roline, that appellee should sign the same, and that appellant accepted the note in the belief that appellee had signed it in pursuance of such agreement. As we have seen, the fact of such an agreement, if established, would have entitled appellant to recover. The court so instructed. The appellant had, under the instructions, the full benefit of such alleged agreement; and if it was error to strike the legal conclusion of the pleader that such facts constituted an estoppel,—which we do not determine,—it was clearly not prejudicial.

3. APPEAL AND ERROR: harmless error: striking legal conclusion only.

VI.   Appellant complains of the refusal of the court to permit the jury to take to the jury room certain mortgages of Ed. and Herman Roline's offered by the defendant under a plea of settlement which was not submitted to the jury.   There was clearly no error here.

No prejudicial error appears, and the judgment is—
*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.