A. W. KERN, Appellee, v. ELIZABETH KIEFER et al., Appellants.

**EXECUTORS AND ADMINISTRATORS:** Claims—Burden to Prove
1 **Payment.** A claimant in probate who *prima facie* establishes his claim is entitled to judgment, in the absence of proof by the administrator of payment.

**TRIAL:** Direction of Verdict—When Necessarily Granted on Motion.
2 Plaintiff is necessarily entitled to verdict on motion when his claim is established by uncontradicted testimony. (See Book of Anno., Vol. 1, Sec. 11508, Anno. 102 *et seq.*)

Headnote 1:   24 C. J. p. 404.   Headnote 2:   38 Cyc. pp. 1566, 1574.

Headnote 2:   26 R. C. L. 1067.

*Appeal from Washington District Court.*—D. W. HAMILTON, Judge.

OCTOBER 18, 1927.

Appeal from a judgment establishing a claim in probate against the estate of Joseph W. Kiefer, deceased.—*Affirmed.*

*Livingston & Eicher,* for appellants.

*Morrison & Morrison,* for appellee.

DE GRAFF, J.—The instant action involves a claim in probate against the estate of Joseph W. Kiefer, deceased. It is alleged that the amount claimed is due the plaintiff by reason of a sale by decedent of a Stephens automobile owned by plaintiff. The defendant-executor answered (1) by general denial, and (2) by plea of settlement. Plaintiff replied by a general denial. Upon the conclusion of all the testimony, two motions were made by plaintiff: First, to take from the jury the issue of payment or settlement, on the ground that the evidence was wholly insufficient to sustain the plea; second, to direct a verdict in favor of the plaintiff in the sum of $1,650, with interest. Both of these motions were sustained.

The record facts clearly sustain the rulings of the trial court. The evidence is without conflict, and the witnesses of plaintiff stand unimpeached. The evidence shows that, on or about the 12th day of December, 1919, the decedent, Joseph W. Kiefer, sold to the plaintiff three Stephens automobiles, Model 84. Two of these cars were blue, and one was red. At that time, the cars were in storage in Iowa City. At the time of the sale, an arrangement was made between the parties that, if Kiefer had the opportunity to sell one of these cars, he was privileged to do so, and in such an event he was to pay the plaintiff the same price as had been paid Kiefer by plaintiff for the car. The purchase price of the three cars was in the sum of $5,060, and payment was made by a check drawn on plaintiff's bank for that amount. It is also shown that at that time Kiefer owed a note to the Commercial Savings Bank of Iowa City, and the proceeds of the check were used to pay said obligation. It is further shown that the red car which had been sold by decedent to plaintiff was subsequently sold by the decedent to one Cummings, who took possession thereof, and who registered said car in his name in Washington County, Iowa. The foregoing constitutes a brief statement of the material facts.

There is no competent evidence to sustain the defendant's plea of payment. The onus in this particular was upon the defendant, since by statute the burden of proof that a claim is unpaid shall not be placed upon the party filing a claim against the estate. Section 11962, Code of 1924.

1. EXECUTORS AND ADMINISTRATORS: claims: burden to prove payment.

We now turn for a moment to plaintiff's second motion. A

verdict should be directed: 1. Where but one reasonable conclusion can be drawn from the proof adduced. 2. Where the questions of fact are clearly established by unconflicting evidence. 3. Where there is no substantial evidence to overcome a prima-facie case. 4. Where by giving the opposite party the benefit of the most favorable view of the evidence the verdict against him is demanded. 38 Cyc. 1565 *et seq.* See *Tucker v. Tucker*, 138 Iowa 344; *Cherry v. Des Moines Leader*, 114 Iowa 298; *Johnson v. Buffalo Center St. Bank*, 134 Iowa 731; *First Nat. Bank v. Brown*, 197 Iowa 1376.

2. TRIAL: direction of verdict: when necessarily granted on motion.

It may be pointed out that appellant claims in argument that there is no competent identification of the "red car" purchased by Cummings, as one of the cars sold by the decedent to the claimant. There is no merit in this contention. Paul Kern, brother of the claimant, A. W. Kern, was called as a witness by plaintiff, for the purpose of identifying the three cars in question. The following questions and answers are in the record:

"Q. Do you know the numbers of these cars,—the two blue cars and a red car, Models 84 sport? A. Yes. Q. Did you make a memorandum of them at the time? A. Yes, sir. Q. You may state whether or not you later checked that memorandum with the cars themselves at the warehouse at Iowa City. (Defendants object, as irrelevant, immaterial, and calling for a transaction of one deceased. Overruled, and exception.) A. I did."

The witness then identified the cars by type, factory, and engine numbers, and further testified that Cummings was driving the red car, which was the same car that he checked at the storage warehouse.

It will be observed that no objection was made to the first two questions, and it is quite evident that the third question does not call for a personal communication or transaction with the deceased, within the purview of Section 11257, Code of 1924. It must be concluded from the evidence, which is without conflict, that the red car sold to Cummings was the identical car sold by the decedent, Kiefer, to the plaintiff.

Without further comment on the evidence, we hold that the

rulings of the trial court sustaining the motions of the plaintiff were correct. *The judgment entered is—Affirmed.*

EVANS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.