H. J. Spurway, Receiver, Appellee, v. Elbert A. Read, Appellant.

No. 40109.

June 23, 1930.

*Thos. W. Keenan* and *Claude M. Clovis*, for appellant.

*Ferguson & Ferguson*, for appellee.

Albert, J.—This action was commenced to recover on three promissory notes, but at the time of the trial, one was withdrawn by the plaintiff, and the other two were submitted to the jury, the jury finding for the plaintiff on one of the notes, and for the defendant on the other. From judgment entered on the verdict of the jury, the defendant appeals. We are concerned on this appeal with only one of these notes.

The petition of the plaintiff is the ordinary form in a suit

by an innocent holder of a promissory note. The defendant answers with a general denial, and alleges that he at no time had any interest in these notes, and that there was no consideration for his indorsement thereon, and that the notes were at all times the property of the First National Bank of Shenandoah, Iowa, of which he was vice president, and that the notes and real estate mortgages securing the same were taken in his name for the purpose of keeping the name of the bank off the mortgage records in the offices of the recorders of various counties, and were so taken for the convenience and accommodation of the bank; that they were indorsed by Read for the purpose of passing the naked, legal title to said bank; that said bank understood and knew at all times that this defendant never, at any time, had any interest in said notes and mortgages, and knew that the purpose of the indorsement was purely to vest in the bank the legal title to said instruments, the equitable title to which it at all times owned.

We glean the following facts from the record:

In July, 1920, Lingo Brothers (Otis A., Walter M., and Earnest S.) were indebted to the First National Bank of Shenandoah in a sum totaling $52,000. Being called upon by the bank to refinance their loans, they executed a mortgage on certain real estate in the sum of $12,000, the proceeds of which were turned over to the bank, and notes in the amount of $40,000 were executed by them on July 20, 1920, to take care of the balance of their indebtedness, these notes being also secured by real estate mortgages. Among these latter notes was the note now involved in this appeal. It was for $5,000, dated July 20, 1920, due March 1, 1921, payable to Elbert A. Read or order, and signed by Walter M. and Earnest S. Lingo.

When this financing scheme had been completed, various notes, constituting the original indebtedness of $52,000, were charged off the books of the First National Bank of Shenandoah, and on that date there were placed on the books of the bank the notes of the Lingo Brothers, representing $40,000, which, together with the $12,000 cash received from the real estate loan, replaced the original notes of $52,000.

On May 13, 1926, the First National Bank of Shenandoah was closed by the comptroller of currency, and H. J. Spurway was appointed receiver thereof; and as such, he brings this action, to recover on the note now before us.

It was stipulated that the note was genuine; that it was duly executed and signed by Walter M. and Earnest S. Lingo; that, on the back of the note appeared the genuine signature of Elbert A. Read; that, at the time of the closing of the bank, on May 13, 1926, the note was carried and owned by the first National Bank of Shenandoah; that it is now held by Spurway, as receiver of said bank, and is unpaid. It is further stipulated:

"It is not the intention, however, of the defendant to admit that said notes were executed to or delivered to Elbert A. Read, nor to admit that he at any time had any interest therein; neither do we admit that he appeared there as indorser."

Under the general denial of the defendant herein, the burden of proof is upon the plaintiff to establish the allegations of his petition. Defendant's propositions are:

First, that he had no interest at any time in said note, that it was simply taken in his name as an accommodation to the bank, and his indorsement thereon was simply for the purpose of transferring to the bank the naked legal title, because the bank was the owner of the paper; and second, and cognate to the first, that no consideration whatever passed to Elbert A. Read for putting his name on the back of this note.

Section 9484, Code, 1927, provides:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

It is a well settled rule under the Negotiable Instrument Law that, where want of consideration is pleaded, and the defendant gives evidence tending to show such want of consideration, the burden is on the plaintiff to show by a fair preponderance of the evidence upon the whole case, that there was consideration. Brannan's Negotiable Instruments Law (4th Ed.) 218, and cases there cited, showing this doctrine to be quite uniform in the various states under this law.

We have had before us a somewhat similar proposition in the case of *Pomeroy v. Farmers Sav. Bank of Shelby*, 207 Iowa 1310. In that case, among other things, we settled one proposition that is urged on our attention in the instant case: that is,

that an indorsement must be supported by a consideration, and want of consideration is always a good defense when the suit is brought on the instrument or on any indorsement thereon.

Section 9488, Code, 1924, reads as follows: "Absence or failure of consideration is matter of defense as against any person not a holder in due course."

Turning to the record in this case, in addition to the facts already set out, we find that the evidence conclusively shows that it was the general practice of this bank to make all of its real estate loans in the name of T. H. or Elbert A. Read. The evidence shows beyond dispute that this transaction was carried out by the bank in its usual course of business and its usual method of doing such business. The Lingos were pressed for adjustment of their indebtedness to the bank, and the matter was handled by T. L. Brown, an officer of the bank. The loan was made on certain land of the Lingo Brothers', and $12,000 in cash realized therefrom. The bank received this cash and applied it on the indebtedness then owed to it by the Lingo Brothers. The commission for making this loan was received by the bank, and not by Elbert A. Read. New notes and mortgages were to be made to secure the $40,000 still owed to the bank by the Lingos, and as usual, they were taken in the name of Elbert A. Read, and in due time were transferred by him to the bank. He testifies that he at no time had any personal interest in these notes or the mortgages securing the same, and the books of the bank corroborate his statement in every detail. This being true, it is quite apparent that there was no consideration whatever for the indorsement on these notes to the bank by Elbert A. Read, because they were at all times the property of the bank, and his indorsement thereon was simply for the purpose of transferring to the bank what it already owned, and for the purpose of transferring the naked, legal title to the bank.

We settled this to be the rule of law in the case of *Pomeroy v. Farmers Sav. Bank of Shelby*, 207 Iowa 1310, where, under an exactly similar set of circumstances, we said:

"The whole record shows that there was no consideration whatever for the purported indorsement of the defendant bank on either of these notes. Plaintiff therefore must fail, not only for want of proof supporting the allegations of his petition, but

also because of a lack of any consideration supporting the alleged indorsement on these notes on which he bases his action.''

In addition to the *Pomeroy* case, the general trend of our cases has been that, where the evidence is clear that there is no consideration, the defendant is entitled to a directed verdict, regardless of the presumption provided in the aforesaid section of the statute. See *First Nat. Bank of Montour v. Brown*, 197 Iowa 1376; *First Nat. Bank of Fairfield v. Dutton*, 199 Iowa 468; *Kern v. Kiefer*, 204 Iowa 490. That the Negotiable Instrument Law does not affect defendant's right to introduce parol testimony showing no consideration for his indorsement, see *State Sav. Bank of Logan v. Osborn*, 188 Iowa 168.

Under these rules of law, it is obvious that the plaintiff did not make out a case to go to the jury.

Other questions are discussed, such as presentment and notice of dishonor, extension of time, etc.; but, as we view the case, what has been heretofore said is controlling, and we give no further consideration to the other questions in the case. The defendant's motion to direct a verdict at the close of all of the testimony should have been sustained.—*Reversed.*

Morling, C. J., and Evans, Faville, De Graff, and Wagner, JJ., concur.