J. R. YOUNG et al., Executors, Appellees, v. FRED JACKSON, Appellant.

No. 42238.

JUNE 23, 1934.

McCoid, McCoid & McCoid, for appellant.

J. V. Gray, for appellees.

ANDERSON, J.—This was an action at law brought upon a promissory note by the executors of W. B. Mathews, deceased, who was the payee in the note. Marie Ruth, the only surviving maker of the note, and the appellant, Fred Jackson, an indorser, were defendants. Judgment was entered by confession against the defendant Marie Ruth for the amount due upon the note in suit. The defense interposed by the defendant Jackson was a want of consideration for his indorsement of the note. There was a trial of

the issue thus raised, and at the close of the testimony a motion interposed by plaintiffs-appellees for a directed verdict was sustained, from which the defendant Jackson appeals.

The record discloses that the note in suit was for $2,500, dated September 18, 1924, and due September 18, 1927. It was payable to W. B. Mathews, and signed and executed on the date it bears by the makers, Marie Ruth and R. J. Ruth. It was secured by a second mortgage. Some time in the summer of 1926, Fred Jackson became an indorser thereon at the request of an agent of the payee. Such indorsement was made with the knowledge and consent of the surviving maker, Marie Ruth. The record discloses that there was no consideration of any kind at the time of the indorsement. The note was not yet due, the time of payment thereof was not extended, no additional amount of money was loaned, nothing whatever was given to the indorser for signing the note, no promises were made to him, and he never received anything as a consideration for his signature as an indorser thereon. No promise was made extending the time of payment or agreeing to extend the time of payment, no change was made in the rate of interest specified in the note, and the amount of the note was not in any way changed.

No appearance is made here by the appellees, and we are not favored with a brief and argument on their part.

The questions raised by the appellant on this appeal seem to have been repeatedly determined by this court.

Section 9484 of the 1931 Code provides that:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

In Spurway v. Read, 210 Iowa 710, 231 N. W. 306, we had a similar question before us, and we there said, speaking through Justice Albert:

"It is a well-settled rule under the Negotiable Instrument Law that, where want of consideration is pleaded and the defendant gives evidence tending to show want of consideration, the burden is on the plaintiff to show by a fair preponderance of the evidence upon the whole case, that there was consideration. * * * We have had before us a somewhat similar proposition in the case of Pomeroy

v. Bank, 207 Iowa 1310, 224 N. W. 512. In that case, among other things, we settled one proposition that is urged on our attention in the instant case; that is, an indorsement must be supported by a consideration, and want of consideration is always a good defense when the suit is brought on the instrument or on any indorsement thereon."

We also held in the Pomeroy case that the trend of our prior decisions has been that, where the evidence is clear that there is no consideration, the presumption provided in the above-quoted statute is overcome, and that the defendant indorser is entitled to a directed verdict. Citing First Nat. Bank v. Brown, 197 Iowa 1376, 199 N. W. 272; First Nat. Bank v. Dutton, 199 Iowa 468, 202 N. W. 228; Kern v. Kiefer, 204 Iowa 490, 215 N. W. 607.

We have also held that there is nothing in the Negotiable Instruments Law affecting an indorser's right to show by parol evidence want or failure of consideration for his indorsement. State Sav. Bank v. Osborn, 188 Iowa 168, 175 N. W. 964.

In Merchants State Bank v. Roline, 200 Iowa 1059, 205 N. W. 863, we had before us a situation such as the record discloses in the case at bar. In that case we held that, where credit has already been extended to the principal maker on a note, some new consideration, either of advantage to the makers or indorsers or prejudice to the payee, must be shown to support the promise of one who subsequently signs or indorses it, unless there was an agreement at the time the note was originally executed that the signature of the subsequent signer or indorser would later be procured. This rule finds support in Briggs v. Downing, 48 Iowa 550; Bank v. Latting, 37 Okl. 8, 130 P. 144, 44 L. R. A. (N. S.) 481; 8 C. J. 257. We also held in the Bank-Roline case that one who signed a note after the payee had taken it and without any new consideration to the original signers of the note or from the payee, the latter was not a holder for value as against the new signer because she was not a party to the note prior to the time the payee took it for value.

In Northern Trust & Savings Bank v. Ellwood, 200 Iowa 1213, 206 N. W. 256, the trial court dismissed an action against subsequent indorsers of a promissory note by reason of a failure to prove consideration for the indorsement. In disposing of the question, we held:

"The trial court was clearly correct in holding that the indorsements, made by these defendants some six weeks subsequent to the consummation of the loan by the bank, were not binding upon said indorsers unless a new or additional consideration is shown. This is well-settled law. It is elementary." Citing Briggs v. Downing, supra, and Farmers Sav. Bank v. Hansmann, 114 Iowa 49, 86 N. W. 31.

To the same effect we find our pronouncements in Nolte v. Nolte, 211 Iowa 1289, 235 N. W. 483, and Hiatt v. Hamilton, 215 Iowa 215, 243 N. W. 578. In the last-cited cases we announced the following rule:

"It is the rule that, if the surety or comaker signs *after* the completed transaction between payee and maker, there must be a new consideration to bind the surety or comaker."

Such consideration must be some advantage to some of the signers, or some disadvantage to the payee, or an agreement must be shown that at the time of the original execution and delivery of the note it would be signed by the additional maker or indorser. Bank v. Ellwood, supra.

Upon a careful consideration of the record, we fail to discover any evidence of any consideration for the indorsement of the appellant, Fred Jackson, upon the promissory note in suit. Clearly the payee did not suffer any detriment or make any forbearance by reason of such indorsement, and there was no benefit inuring to the original makers by reason of such subsequent indorsement. The indorser, Jackson, received nothing for his contract of indorsement. There was no novation. The original note remained the same, and there was no substitution of a new debtor. Judgment was entered against the surviving maker with her consent and at the request and demand of the plaintiff. Under the facts disclosed by the record, and the decisions of this court, which we have noted, we are constrained to hold that the learned trial court erred in directing a verdict for the plaintiffs against the defendant appellant, Fred Jackson, and in entering a judgment upon such verdict. A reversal necessarily follows.—Reversed.

CLAUSSEN, C. J., and STEVENS, EVANS, DONEGAN, MITCHELL, KINTZINGER, and ALBERT, JJ., concur.