## FLORENCE MILLS v. MABELLE F. CHARLSON.[1]

November 5, 1937.

No. 31,301.

*John A. Nordin,* for appellant.
*J. A. Mansfield* and *Godley & Olson,* for respondent.

LORING, JUSTICE.

This is an appeal from a judgment for the plaintiff in an action on a promissory note.

[1]Reported in 275 N. W. 609.

168

The mothers of the parties were sisters, both advanced in years at the time the note here sued upon was issued, and both were dead at the time of the trial. The plaintiff is the daughter of Isabelle Lovejoy, the payee, and the defendant is the daughter of Hattie Lynn, the maker of the note, dated April 23, 1930. The defendant also signed the note, but she claims that she signed it after the delivery of the note to Mrs. Lovejoy and without consideration. The plaintiff asserts that she bought the note from her mother for the full face value thereof. This was on February 18, 1932, almost 22 months after its delivery to the payee. The defendant's letters to her aunt prior to the aunt's death disclose promises on her part to pay the interest and that she was expecting to collect money from one of her mother's debtors with which to pay the note.

■ On its face the note bears no due date. It reads "after date, for value received, we promise to pay," etc. While it is the contention of the defendant that in consequence it is not negotiable, we are of the opinion that it amounts to a demand note under the provisions of 2 Mason Minn. St. 1927, § 7050.

■ The defendant contends that the evidence is conclusive that she signed the note after its delivery to the payee and without consideration or prior arrangement, and that because it was not negotiated until February, 1932, the plaintiff is not a holder in due course, and the note is subject to the defense which she sets up.

To us the record seems conclusive that the defendant signed as the accommodation maker not as part of the original transaction but after the delivery of the note to the payee and as far as this record discloses without any arrangement to do so made prior to such delivery. Such being the case, there was no consideration for her promise, and she should have prevailed in the court below unless plaintiff is a purchaser in due course. 8 C. J. pp. 211, 250, §§ 344, 392; Good v. Martin, 95 U. S. 90, 24 L. ed. 341; Merchants State Bank v. Roline, 200 Iowa, 1059, 205 N. W. 863; 1 Daniel, Negotiable Instruments (7 ed.) p. 278. The plaintiff has called attention to the fact that the note states "we promise to pay" and that the "we" is in the defendant's handwriting. That of itself is not sufficient

to show that there was any prearrangement that the defendant should sign. The record is to the contrary.

■ Whether the note was transferred within a reasonable time after its issue so as to constitute the plaintiff a holder in due course under the provisions of 2 Mason Minn. St. 1927, § 7096, presents a more serious question. The trial court has found that it was so transferred. Aside from all other considerations, by the terms of the note itself interest was payable annually and therefore became due April 23, 1931. It was not paid then, and that provision of the note was dishonored. It was not paid until the tenth day of July, 1931, when the interest up to April 23 was paid. The term "overdue" as it is applied to demand negotiable paper which has come into the hands of an indorsee so long after its issue as to charge him with notice of dishonor, and thus subject it in his hands to the defenses which the maker or accommodation maker might have against it in the hands of the original payee, does not require presentation for payment to the maker. La Due v. First Nat. Bank, 31 Minn. 33, 38, 39, 16 N. W. 426. The opinion in that case is by Mr. Justice Mitchell, and it is unnecessary here to repeat what he said there. In the later case of First Nat. Bank v. Forsyth, 67 Minn. 257, 69 N. W. 909, 64 A. S. R. 415, this court, speaking through the same eminent jurist, held that an overdue and unpaid instalment of interest known to the indorsee at the time of purchase, dishonored negotiable paper and rendered it subject, in the hands of the purchaser, to existing defenses between the original parties the same as an overdue and unpaid instalment of principal. In so holding, this court followed the previous decision of First Nat. Bank v. Scott County, 14 Minn. 59 (77), 100 Am. D. 194, rendered 27 years before. The Forsyth opinion has now stood for 40 years, and our attention has not been called to any provision of our uniform negotiable instruments law which modifies that rule. If it is to be changed, the legislative branch of the government is the proper authority to change it. In effect, therefore, the provision for interest to be payable annually was not a mere requirement for payment upon demand, but a promise to pay upon a fixed date; and neglect to pay it upon that date was of like effect as the neglect to

pay an instalment of a note due in instalments, and placed the paper in dishonor. While no authorities have been called to our attention as to the effect of the subsequent payment of overdue interest, we are of the opinion that the negotiability of the paper could not be restored by the payment of the interest two and one-half months later any more than the part payment of overdue principal would have that effect. Failure to pay a note at maturity may be only due to inability on the part of the maker, yet the law merchant fixes maturity as the limit of negotiability. Consequently, as a matter of law the plaintiff is not a holder in due course. The payee was the mother of the plaintiff and made her home with the plaintiff, who shows great familiarity with her mother's affairs. The plaintiff was present when the interest money was received July, 1931, and saw her mother make the indorsement. In consequence of the foregoing, the subsequent promises of the defendant to pay the interest and collect the principal from some debtor of her mother were as much without consideration as was her joinder as an accommodation maker after the delivery of the note to the payee. Such being the case, the judgment of the municipal court must be reversed and the case remanded with instructions to enter judgment for the defendant. It is but fair to the trial court to say that the record and briefs indicate that the cases herein cited were not called to its attention.

Reversed.