## CANADAY v. JOHNSON.

1. **Evidence**: HEARSAY TESTIMONY. In an action against an administrator to recover the balance of an account which the decedent had agreed to pay in wood, testimony that the decedent's widow had declared to the witness her refusal to perform the contract was held incompetent.

2. ———: ADMISSIBILITY: ADMINISTRATOR. Under Section 3639, it is not competent for the plaintiff, in an action against an administrator, to testify respecting personal transactions between himself and deceased, for the purpose of rebutting the testimony of decedent's widow.

*Appeal from Poweshiek Circuit Court.*

TUESDAY, JUNE 15.

THE plaintiff claims $208, balance of an account for medicines and board furnished, and medical services rendered W. C. Johnson, in his lifetime.

The answer alleges that, in the fall of 1873, the decedent settled the account in full.

There was a jury trial, and a verdict and judgment for plaintiff for $150. The defendant appeals. The facts are stated in the opinion.

*W. R. Lewis*, for appellant.

*Phillips & Phillips*, for appellee.

DAY, J.—I. The plaintiff called as a witness B. H. Canaday, whose testimony tended to prove that about October 1, 1873, the decedent and the plaintiff made an arrangement by which the plaintiff was to have the privilege of taking firewood for his own use from the decedent's timber until the plaintiff was satisfied for his account against the decedent.

The witness was then permitted, against the defendant's objections, to testify respecting a conversation which he had 1. EVIDENCE: with Mary J. Johnson, the widow of deceased, as hearsay testi- mony. follows: "I think in February, 1874, Mary J. Johnson, the widow, told me that after Mr. Johnson's decease she had refused to let the plaintiff have any more wood."

The admitting of this evidence the defendant assigns as error. We do not see how this testimony can be classed under any other head than that of hearsay. Mary J. Johnson is not a party to the suit. If the transaction occurred, both she and the plaintiff are competent witnesses of the fact. In 1 Greenleaf on Evidence, Sec. 123, the declarations which may be regarded as original evidence are summed up under four classes. The testimony in question falls under none of these classes. In the following section it is said that, " subject to these qualifications and seeming exceptions, the general, rule of law rejects all hearsay reports of transactions whether verbal or written, given by persons not produced as witnesses."

Many of the reasons assigned for the rule apply forcibly to the testimony under consideration, especially those which refer to the fact that such testimony requires credit to be given to a statement, made by a person not subjected to the ordinary tests for ascertaining the correctness and completeness of the

testimony, and to the probability of the declaration being imperfectly heard, or misunderstood, or perverted. The court erred in the admission of this evidence.

II. The defendant, to maintain the issues on his behalf, read the deposition of Mary J. Johnson, the decedent's widow, which tended to prove that the plaintiff's claim was not just, true, nor correct, and that it had been settled and paid in full by the decedent in his lifetime.

2. ———: admissibility: administrator.

The plaintiff was called as a rebutting witness, and respecting the portion of his testimony against which objection is urged, the abstract contains the following statement:

"The plaintiff was not permitted to testify on his own behalf as to any personal transactions or communications between himself and decedent, W. C. Johnson, except to rebut the testimony of decedent's widow, Mary J. Johnson, in her deposition hereinbefore referred to; and the court expressly excluded all testimony of plaintiff as a witness on his own behalf in rebuttal, which did not rebut said testimony in said deposition."

The abstract does not set out what particular facts the witness testified to, but it is clearly apparent that, to rebut the testimony of the widow, he was permitted to testify respecting personal transactions with and communications between himself and the deceased.

The competency of this testimony involves a consideration of the provisions of section 3639, of the Code of 1873. This section is as follows: "No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment, or otherwise, and no husband or wife of any said party or person shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination, deceased, insane, or lunatic, against the executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or the assignee or guardian of such insane person or

lunatic. But this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, survivor, or guardian, shall be examined on his own behalf, or as to which the the testimony of such deceased or insane person or lunatic shall be given in evidence."

Briefly stated, so far as applicable to the present question, this section prescribes the following rule of exclusion: "No party to an action, or person interested in the event thereof, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, against the executor, heir-at-law, or next of kin of such deceased person."

In order to effect the exclusion, the proposed testimony must be against the executor, heir-at-law, or next of kin. To the existence of this condition it is necessary that the party toward whom the testimony is directed must be in a condition to be affected by it. The testimony is to be excluded when it is offered against such person, that is, when he is a party to the proceeding, and in a condition to be legally affected by it. This being, as we believe, the proper construction of the rule of exclusion embraced in this section, we are prepared to consider the exception which this section engrafts upon it. This prohibition shall not extend to any transaction or communication as to which any such executor, heir-at-law, or next of kin shall be examined on his own behalf, that is, if an executor, heir-at-law, or next of kin is a party to an action, and in his own behalf is examined respecting any personal transaction or communication between the deceased and the opposite party, or a third person interested in the event of the suit, then such other party or interested person may testify respecting the same transaction or communication.

This action is against the administrator of W. C. Johnson, deceased. He is the sole party defendant. Against him the plaintiff is not competent, under the rule above named, to testify as to any personal transaction or communication which occurred between plaintiff and the deceased. The fact that

the widow of deceased has testified respecting the settlement of the account, does not open the way for plaintiff to testify respecting such personal transaction and communications. In order that he may do so, it is necessary that the defendant should not only be a witness in his own behalf, but that he should also testify respecting such transaction or communication.

· It was not proper to allow plaintiff, for the purpose of rebutting the testimony of decedent's widow, to testify respecting personal transactions and communications between himself and deceased.

REVERSED.