## WOOD v. BROLLIAR ET AL.

1. **Evidence**: COMPETENCY: PARTIES. In an action by one against the heirs of his wife to set aside a conveyance made to her, upon the ground that it was a trust for himself, he is not a competent witness to the agreement under which the conveyance was made.

2. ———: EFFECT OF CODE UPON: TRIAL. A trial after the Code came into effect will be governed thereby in reference to the production of testimony, although the action was commenced before the enactment of the Code.

3. ———: ———. In such a case, the plaintiff might testify respecting any particular transaction to which either of the defendants had testified.

*Appeal from Benton District Court.*

TUESDAY, JUNE 15.

THIS action was commenced on the 29th of June, 1870. On the 25th of November, 1872, plaintiff filed an amended petition, in substance alleging that on the 4th day of December, 1869, Margaret Wood, the wife of plaintiff, died intestate, leaving the defendants Mary E., Minnie R., and Howard K. Brolliar, her children by her former husband, and Pettie Wood and Maggie Urmy, her children by her marriage with plaintiff, as her sole surviving heirs at law. That Margaret Wood

died invested with the legal title to three distinct parcels of real estate, which plaintiff purchased with his own means, and caused to be conveyed to the said Margaret his wife, the better to enable her to educate and support plaintiff's children, in case he should die, she at the time agreeing to convey said property to plaintiff or his assigns on his request. Plaintiff asks that the title to said property be quieted in him.

On the 30th of June 1873, Mary E. Brolliar, filed her separate answer and cross bill, admitting that Margaret Wood died intestate, seized of the legal title to the lands in controversy, and that the defendants are her sole surviving heirs, and denying all the other allegations of the petition. This answer alleges that plaintiff and defendants are tenants in common of said property, that plaintiff is entitled to one-third the rents and profits, and each of the defendants to two-fifteenths thereof; that plaintiff has appropriated the rents to his own use, and asks that he be compelled to account therefor.

On the first day of July, 1873, the other defendants, who are minors, by their guardian *ad litem*, filed their answer and cross bill the same substantially as the answer and cross bill of Mary E. Brolliar. The plaintiff filed replies admitting that he has, ever since the death of Margaret Wood, been in the possession of the premises in controversy, and that he has received the rents and profits thereof, and denying all the other allegations in the cross bills.

On the first of October, 1873, by consent of parties, the cause was referred to R. St. Clair.

On the 15th of November, 1873, plaintiff filed an amendment to his petition, alleging that on the 28th day of November, 1868, Margaret Wood executed and delivered to him a quit claim deed to the premises in controversy, which he failed to record and which is destroyed or lost.

The defendant, Mary E. Brolliar, answered this amendment alleging the want of information respecting it sufficient to form a belief, and the other defendants, by their guardian, answered denying every allegation thereof.

The referee filed a report finding the issues for plaintiff, and

Wood v. Brolliar.

recommending that a decree be entered in accordance with the prayer of the petition.

On the 2d of March, 1874, the defendants filed their exceptions to the report of the referee, and moved that it be set aside.

The court overruled these objections, *pro forma*, and entered a decree for plaintiff as prayed. Defendants appeal.

*Shane & Cooper*, for appellants.

*Haines & Warner* and *J. C. Traer*, for appellee.

DAY, J.—I. It is conceded by appellee that, if the plaintiff made the purchase of the property in question with his own means, and caused the conveyance to be made to his wife, the transaction, *prima facie*, is to be regarded as an advancement, and that plaintiff must overcome the presumption in favor of the legal title, by sufficient evidence. See *Cotton v. Wood*, 25 Iowa, 43, and authorities cited. The principal evidence introduced by plaintiff for the purpose of overcoming this presumption, was his own testimony. Aside from his testimony the evidence is altogether insufficient to affect or disturb the legal title. The defendants objected before the referee to the competency of the testimony of plaintiff, and made the admission of his evidence a ground of objection to the referee's report. Section 3639 of the Code of 1873, provides, in substance, that no party to an action, or person interested in the event thereof, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, against the executor, heir at law or next of kin of such deceased person.

1. EVIDENCE: competency: parties.

The plaintiff's testimony in this case was confined almost entirely to personal transactions between himself and his deceased wife. That it was not competent against the defendants, the heirs at law of that wife, a bare statement of the provisions of this section sufficiently shows.

If it does not inhibit such testimony, we are at a loss to know what it means, or to what it can refer. There is but one

exception to this prohibition; it shall not extend to any trans-
action or communication as to which any such executor, heir
at law, or next of kin, shall be examined in his own behalf.
Appellee claims that, inasmuch as plaintiff is an heir of
deceased, this exception applies to him, and renders him com-
petent.   But, evidently this is not the meaning of the statute.

If an executor, heir at law, or next of kin, is a party to an
action, and in his own behalf testifies respecting any personal
transaction or communication between the deceased and the
opposite party, or a third person interested in the event of the
suit, then such other party or interested person may testify
respecting the same transaction.   See *Canaday v. Johnson,*
*ante,* p. 587.

In this case Mary E. Brolliar, one of the defendants, testi-
fied respecting a particular transaction between her mother
and the plaintiff.   This opened the way for plaintiff to testify
in regard to that particular transaction, but not respecting
other and disconnected transactions.

The Code of 1873 was in force at the time of the trial, and
its provisions as to evidence apply to this case, notwithstand-
ing the fact that it was commenced before the Code
took effect.   *Wormley v. Hamburg, ante,* p. 22.
and cases cited.   The testimony of plaintiff was incompetent.
Without it the evidence was utterly insufficient to establish
the trust alleged.   It is claimed, however, that plaintiff's testi-
mony is competent to prove the execution and delivery to him
of a quit claim deed, as alleged in the last amendment to his
answer.   The statute makes plaintiff incompetent to testify to
any personal transaction between himself and deceased.   That
the delivery of a deed to him by his wife is such personal
transaction, we think requires no argument.   If the delivery
of such deed had been proven by other competent evidence, it
may be that plaintiff could show by his own evidence the loss
of the deed and its contents.   But proof of the fact of deliv-
ery, we have no doubt, falls within the inhibition of the sec-
tion above named.   The decree for plaintiff is erroneous.

II.   The plaintiff admits that he has had possession of the
premises in dispute ever since the death of his wife.   The

2. ——: Code.

referee finds that the rents and profits of one portion of the property, a lot in Vinton, have been $275 per annum. Defendants are entitled to a decree for two-thirds the rents and profits, which they may take in this court, or they may have the cause remanded for an accounting and final decree, if they are so advised.

REVERSED.