## DONNELL, ADM'R, v. BRADEN ET AL.

1. **Witness:** COMPETENCY: PERSONAL TRANSACTION WITH ONE DECEASED. In an action by an administrator, the defendant cannot testify in his own behalf as to a personal transaction between himself and the deceased, even though it appear that the transaction occurred in the presence of a third party. (Code, § 3639.)

2. ———: ———: ———: TESTIMONY ON CROSS-EXAMINATION. In such case, where the action was in equity, and plaintiff objected to the incompetent testimony, but the court admitted it subject to the objection, and plaintiff then more fully brought out the facts on cross-examination, *held* that plaintiff was not bound by the testimony thus elicited by himself, but that the whole testimony of the witness on that point was incompetent.

3. ———: ———: ———: WHO ARE INTERESTED PARTIES. In such case, where the witness is incompetent within the letter of the statute, he is not rendered competent by the fact that his interest is against the party offering him. (*Ivers v. Ivers*, 61 Iowa, 721, followed.)

4. ———: ———: ———: CODE, § 3639: CONSTITUTIONALITY. Section 3639 of the Code, as thus construed, is not repugnant to § 4, art. 1, of the constitution, which provides that· "any party to any judicial proceeding shall have the right to use as a witness    *    *    *    any other person not disqualified on account of interest;" for it is the province of the legislature to prescribe what shall constitute such disqualifying interest. (Compare *Karney v. Paisley*, 13 Iowa, 89.)

*Appeal from Mahaska District Court.*

THURSDAY, DECEMBER 23.

THE plaintiff is the administrator of the estate of Nancy Braden, and, as such, brought this action on certain promis-

sory notes, and to foreclose a mortgage given to secure the same. There was a judgment for the plaintiff, and defendants appeal.

*John F. Lacey*, for appellants.

*L. C. Blanchard*, for appellee.

SEEVERS, J.—I. The notes and mortgage upon which judgment is asked were at one time the property of William

1. WITNESS: competency: personal transaction with one deceased.

Loughridge, and the intestate purchased them from him. The defendant was a witness in his own behalf, and he testified, against the objections of the defendant, that at the time the intestate purchased the notes, and paid Loughridge therefor, he had given the intestate $425 with which to make the purchase, and that the same constituted a part of the money paid for the notes, which were assigned to the intestate by Loughridge. The appellee contends that the defendant is not a competent witness, under section 3639 of the Code, which prohibits one person from testifying as to a personal transaction between him and another person who has deceased, and we are of the opinion that this position must be sustained. The fact that the personal transaction occurred in the presence of Loughridge is immaterial. The statute clearly prohibits the defendant from testifying.

When the defendant was introduced as a witness, and was about to testify as to the personal transaction with the

2. ——: ——: ——: testimony on cross-examination.

deceased, the plaintiff objected to his competency, but, as is the universal practice, we believe, in actions in equity, the court made no ruling, and permitted the defendant to testify, to the end that the question might be fully presented and determined by this court. The plaintiff cross-examined the witness, and it may be that the facts were more fully brought out on such examination than they had been in chief; and it is now insisted, if the evidence elicited on the examination in chief is excluded, that

on cross-examination cannot be, because it was introduced by the plaintiff. But, as the witness was incompetent to testify, and such objection was made at the proper time, we do not think the plaintiff waived such objection by the cross-examination.

II. The defendant introduced as witnesses Mrs. Whitmore and her husband, (the former is the daughter of the intestate,) and they, against the objection of the plaintiff that they were incompetent, proceeded to testify as to certain declarations made by the deceased, which were material. Counsel for the appellee contends that this evidence is incompetent, under § 3639 of the Code, which provides that "no party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title, or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person who, at the commencement of such examination, had deceased." But this prohibition shall not extend to any transaction or communication as to which the executor or heir at law     *     *     *     shall be examined on his own behalf." Counsel for the appellants contend that, as the witnesses were interested in increasing the assets of the estate, they were therefore interested against them, and therefore the statute has no application; the claim being that the common-law definition of an "interest" should prevail, that the statute should be construed in accordance therewith, and held to be applicable only to witnesses who are interested in favor of the party introducing them. There is, to say the least, force in this argument; but, as we understand, this precise question was determined in *Ivers v. Ivers*, 61 Iowa, 721. That the witnesses are within the letter of the statute must, we think, be conceded, and, as a construction has been placed thereon, we are content to follow it,

*3. ——: ——: who are interested parties.*

without stating our reasons at length; and therefore it must be held that the witnesses were incompetent to testify.

III.   But it is further contended by counsel for the appellant that the statute, as thus construed, is in conflict with

4. —: —:
—: Code,
§ 3639: consti-
tutionality.

section 4 of article 1 of the constitution, which provides that "no religious test," etc.; "and any party to any judicial proceeding shall have the right to use as a witness        *        *        *        * any other person not disqualified on account of interest." Under this provision, it is competent for the general assembly to prescribe what shall constitute an interest.   We deem it unnecessary to state our reasons at length, because, as we think, the case of *Karney v. Paisley*, 13 Iowa, 89, in principle, is precisely like the case at bar.   It is true that section 3639 of the Code was not then in force, and the question in the cited case arose under Revision, § 3983, which provided that "the husband or wife shall, in no case, be a witness for or against the other, except," etc.   A wife was offered as a witness in behalf of her husband in a civil action, and it was insisted that the statute excluding her was in conflict with section 4 of article 1 of the constitution, and it was said in that case:   "There is nothing in the section of the constitution referred to that takes from the general assembly the power to declare that interest in the event of a suit shall disqualify, or shall not disqualify, a witness, according as it shall, in its wisdom, think best."   It was therefore held that there was no conflict between the constitution and the statute.   We are unable to draw any distinction between the cited case and the one before us.

AFFIRMED.