WILLIAM PEACOCK, *et al.*, Appellants, v. ELIZA GLEESEN.

**Contract to Dig Well:**  PERFORMANCE: *Reasonable value of labor.*
Plaintiffs agreed to drill and complete a well for defendant for
an agreed compensation per foot, they to have no compensa-
tion unless a supply of water was obtained which could not be
taken out in 24 hours, but if work was stopped by the de-
fendant they to receive their pay at the agreed rate.    After a
certain depth was reached the drill rod broke, and plaintiffs be-
ing unable to extricate it, offered to drill another hole without
charge for the first, which defendant refused to allow.    *Held,*
in an action to recover for the reasonable value of labor per-
formed, that it was a well in accordance with the contract for
which plaintiffs were to receive pay, and not for a mere hole
in the ground, as was the first until water should be found,
and evidence that they were willing to start to drill another
hole unless water was found was immaterial.

*Same :*   Defendant had also agreed to board the men and feed the
teams necessary to do the work.    *Held,* that such being the
case, plaintiffs were bound to prosecute their work with rea-
sonable diligence and care, and unless that was done they were
not entitled, in the event of failing to find water in the first
hole to drill another.

EVIDENCE OF PERFORMANCE:   *What is customary:*    On an issue
whether the work in drilling a well was done with reasonable
diligence and care, it was proper to receive evidence that it
was customary in order to prevent the hole from caving in to
use casings, and that this should have been done, and the use
of the word "custom," in examining the witnesses, was not
objectionable.

*Harmless Admission.*    Admission of evidence tending to show the
depth of ordinary drilled wells in the vicinity, though entirely
irrelevant, was not prejudicial.

*Same.*   In an action to recover compensation for attempting to drill
a well, defendant's agent testified that in making the contract
he referred to another contract between third parties, and was
permittled to identify the contract on stand.   *Held* not pre-
judicial error where the contract itself was not introduced.

*Proof and Charge.*    In an action to recover compensation for at-
tempting to drill a well, where the evidence put in issue
plaintiffs' right to stop work at a depth of 300 feet, such issue
was rightfully submitted to the jury.

**Pleading:** ADMISSION BY FAILURE TO·DENY.   Plaintiffs averred that they contracted to drill a well for defendant, and that their drill rod broke, and, being unable to extricate it, they offered to drill another hole without charge for the first, which defendant refused to permit, and thereupon they sued for the reasonable value of the labor performed.   The answer was a general denial.   Thereafter plaintiffs filed an amendment to the effect that men, teams, and machinery did the work at defendant's instance, and the value of such work was as previously stated. To this defendant made no anwser.   *Held*, that the only admission resulting from failure to answer was that the contract sued on was implied instead of express.

*Waiver of admission.*   Where plaintiff's original petition counted on an express contract, and an amendment filed thereto set up an implied contract, any advantage derived by plaintiffs from defendant's admission that the contract sued on was implied, resulting from her failure to answer the amendment, was waived where plaintiffs afterwards proved an express agreement.

**Practice:** OBJECTIONS.   *Waiver.*   Objection to improper evidence is not waived by cross-examination.

*Appeal from Plymouth District Court.*—HON. GEO. W. WAKEFIELD, Judge.

SATURDAY, MAY 24, 1902.

ACTION for the reasonable value of services in drilling for a well.   Plaintiffs appeal from judgment against them. —*Affirmed.*

*Struble & Struble* for appellants. .

*Zink & Roseberry* for Appellee.

LADD, C. J.—The plaintiffs, in their petition, alleged that about May 15, 1899, they entered into an oral agreement with defendant by the terms of which they were to drill, case, and complete a tubular well, with pump included, at the price of $1.25 per foot and board for themselves and team.   Unless a supply of water should be obtained which

could not be taken out in 24 hours of continuous pumping, there was to be no compensation; but, in event the work should be stopped by defendant, she was to pay at the above rate for work already done. When a depth of 325 feet was reached the drill rod broke, and, after several days effort, plaintiffs were unable to extricate it, and they then offered to drill another hole for water without charge for the first, which defendant declined to allow, and thereupon this action was brought for the reasonable value of the labor performed. The answer was a general denial. Thereafter the plaintiffs filed an amendment to the effect that men, teams, and machinery did the work at the defedant's instance and request, and the value of such work and use of machinery was as previously stated. To this the defendant made no response by way of answer, and it is insisted that it should have been taken as true. The amendment did not state a complete cause of action, nor was it filed as a separate count. It merely added to the original petition the averment that the work was done under an implied contract, and, like it, based the claim of recovery on *quantum meruit*. Under these circumstances no more could be taken as admitted, because of the omission to controvert, than that not already denied by answer to the original petition. See *Brown v. Ellis*, 26 Iowa, 86; *McQuade v. Railway Co.*, 78 Iowa, 690. The result was merely a concession that the contract sued on was implied instead of express. But any advantage that might have otherwise been derived therefrom was waived by the plaintiffs in proving, by their own testimony, that the work was done under an express agreement, in which defendant's agent who transacted the business concurred. Having presented the case on this theory, the plaintiffs are not in a situation to complain of the omission in the instructions to treat the averment of the amendment, repudiated by themselves, as having been admitted. See *Fenner v. Crips*, 109 Iowa, 455.

II.　James Peacock was asked whether he and his brother "had decided and were willing to start to drill a new hole, without pay, unless you found water." An objection thereto was properly sustained. Drilling another well without pay was not an issue in the case. It was for a well in accordance with the contract, and not a mere hole in the ground, as was the first until water should be found, for which compensation was to be made. It was the one abandoned, and not that proposed, for the drilling of which plaintiffs could, under the contract, derive no benefit. Moreover, plaintiff's willingness to drill another well was proven by another witness and treated as an established fact in the instructions.

III.　As the defendant was to board the men and feed the teams necessary in carrying on the undertaking, the plaintiffs were bound to prosecute the work with reasonable diligence and care, and, unless this was done, they were not entitled, in event of failing to find water in the first hole, to drill another under the contract. *Thompson v. Brown*, 106 Iowa, 367. As bearing on this issue evidence was properly received tending to show that the hole repeatedly caved in, and that, under such circumstances, it was customary, in order to prevent this, to make use of casings, and that these, in the proper performance of the work, should have been put in. Exception seems to be taken to the use of the word "custom" in examining the witnesses. Possibly it was not employed with technical accuracy. As evidently intended and understood by the witnesses, the questions in which it appears called merely for the method ordinarily followed by well diggers in the use of casings, and especially in preventing the earth from caving. As so understood it was not objectionable.

IV.　Evidence was introduced over plaintiff's objection tending to show the depth of ordinary and drilled wells in the vicinity of defendant's farm. The purpose of

such evidence is not disclosed by the record.  Appellee suggests that its object was to show the probable supply of water and the depth necessary to dig.  If so this had no bearing on the issues made by the pleadings.  She also urges that the objections thereto were waived by cross-examination.  This court has held otherwise.  *Donnell v. Braden,* 70 Iowa, 551;  *Metropolitan Nat. Bank v. Commercial State Bank,* 104 Iowa, 682.  Some propositions in practice ought to be treated as too well settled to require vindication, and that pertinent cross-examination waives nothing is one of them.  Appellants contend that the evidence was prejudicial in that it put in issue the probability of finding water at a reasonable depth on defendant's farm.  But it was made to appear that water had been usually found without going nearly as deep as the hole drilled.  The only natural inference to be drawn from this was that in sinking another hole plaintiffs would likely not be required to go as deep as before.  Though the evidence was entirely irrelevant, it could have worked no prejudice.

V.  The defendant's agent testified that in making the agreement with plaintiffs he referred to a contract between McClintock and Heeren.  The latter, while on the stand, identified this contract, and this is assigned as error.  The object of identification is not disclosed.  Apparently it had no bearing on the case.  As the writing was not introduced, the ruling was of no more importance than the identification of a blank form of contract ordinarily used by plaintiffs which they offered in evidence.  As defendant's agent was not shown to have had any knowledge of its contents, it was properly rejected.  The identification of either could have had no bearing on the issues.

VI.  What has been said indicates our approval of the second instruction given.  The evidence put in issue

defendant's right under the contract to stop work at the depth of 300 feet, and for this reason the issue was rightly submitted in the third instruction. Two of the instructions requested were rightly refused because not including the rule with respect to diligence and care in drilling the well, and the others, as they related to the measure of damages, which was correctly stated by the court, are not important in view of the finding of the jury.

The record is without prejudicial error, and the judgment is AFFIRMED.