IN RE ESTATE OF HAROLD P. MASON.

MABEL C. MASON, Appellee, v. FRANKLIN A. MASON et al., Administrators, Appellants.

No. 43856.

MARCH 16, 1937.

J. W. Lee and F. J. Lund, for appellee.

O. H. Montzheimer and D. M. Kelleher, for appellants.

MITCHELL, J.—On December 24, 1935, Mabel C. Mason filed a claim against the estate of her deceased husband, Harold P. Mason, alleging that prior to her marriage to him they entered into an antenuptial contract providing for payment of $125 per month so long as she lived and remained unmarried. The administrators filed an answer to the claim on February 5, 1936, admitting only that Mabel C. Mason is the widow of Harold P. Mason, and denying all other allegations. On April 28, 1936, she filed a motion, asking that her claim be transferred to the equity assignment for trial to the court at that term. The administrators filed a written resistance to the motion to transfer. After argument by both sides, the court (Judge S. A. Clock presiding) entered the following order, sustaining her motion:

"Motion of Mabel C. Mason to transfer her claim to equity is sustained. Exceptions given."

Before the trial of said cause the administrators excepted generally and also filed what they called "additional exceptions" on the ground that the court as a court of equity had no jurisdiction of the claim filed in the estate, upon trial of which they were entitled to a jury. The case proceeded to trial. The administrators offered no testimony, refused to cross-examine, and continually objected to the jurisdiction of the court. However, the court entered a decree, finding that the claimant was entitled to the sum of $1,000 as of August 20, 1936, and the sum of $125 on the 20th day of each succeeding month so long as she lives and

remains the widow of the said Harold P. Mason. The administrators were dissatisfied and have appealed to this court.

The question here raised is that the lower court erred in transferring the claim of the appellee to equity for trial, appellants stating that a claim against an estate is prosecuted by ordinary proceedings, unless the right is waived, by trial to a jury.

Section 11963 of the 1935 Code of Iowa is as follows:

"Hearing—trial by jury. If a claim filed against the estate is not fully admitted by the executor or administrator, the court may hear and allow the same, or may submit it to a jury, and on the hearing, unless otherwise provided, all provisions of law applicable to an ordinary action shall apply."

Thus we find that the statute itself gives the right to a jury trial of a claim against an estate.

In the case of Ingham v. Dudley, 60 Iowa 16, at page 22, 14 N. W. 82, 85, this court said:

"It provides that, if a claim filed against the estate is not admitted by the executor, 'the court may hear and allow the same, or may submit it to a jury; and on such hearing, unless otherwise provided, all provisions of law applicable to an ordinary proceeding shall apply.' Under this provision the proceeding to establish a claim against an estate is to be regarded as an action at law, i. e., an ordinary proceeding, unless an equitable defense be pleaded. Code section 2507. In actions of this character the trial is by jury, unless the jury be waived by the parties. Code section 2740. The language of Code, section 2411, above quoted, must be construed to harmonize with these provisions so that all, both that section and these, may stand."

In Lamm v. Sooy, 79 Iowa 593, at page 599, 44 N. W. 893, 895, the court said:

"Our opinion is that the appellant was entitled to a trial by jury upon the issue joined by operation of law, as to the validity of claims, and that the court erred in denying that right."

In the case of Thompson v. Romack, 174 Iowa 155, at pages 161, 162, 156 N. W. 310, 312, it is said:

"The action was to establish a claim against the estate. * * *

In the hearing of a contested claim in probate, all provisions of law applicable to an ordinary action shall apply:''

In the case of In re Estate of McIntosh, 182 Iowa 23, at page 30, 159 N. W. 223, 226, we said:

''Proceedings to establish claims are at law; though proceedings in probate have distinct attributes of their own, they are had in the same court, the law court.''

In the case of In re Shepherd's Estate, 220 Iowa 12, 22, 261 N. W. 35, 40, we said:

''There being no provision in this contract either for the settlement of any specific property or providing for a lien upon any specific property, the widow is relegated to the position of a creditor of equal priority with other creditors of the same class.''

And at page 20 we find the following observations that may also have some application to the facts in this case:

''We think it is fair to assume that neither of the parties to this contract had in mind, when they entered into the antenuptial agreement, that the debts against his estate were to be taken into consideration at all. .Not having contemplated any shortage in funds, there was no effort in this antenuptial contract to create an express trust or provide for a lien upon any specific property. * * * Under the antenuptial agreement, the husband was left free to dispose of his property as he saw fit. He could have executed deeds of conveyance, bills of sale, and sold and disposed of his entire estate without the consent of his wife or without her joining in the execution of the instruments, save and except as to the homestead tract. * * * The court is thus confronted with a condition brought about by the shrinkage in values of property which was not contemplated by the parties to the contract. However, the court is powerless to make contracts for the parties, and we are compelled to take the contract as we find it.''

From the above-cited cases it appears that the claimant was just an ordinary creditor and she had merely the right to present her claim for allowance in the manner provided by statute. She had no lien upon property, entitling her to resort to equitable procedure for its establishment. There was no trust.

The administrators filed a general denial, admitting only

that she was the widow of the decedent. What evidence they might have presented, had the case been tried to a jury, we do not know. They were entitled to that right. They demanded it. In fact, it is hard to conceive how any record could more consistently show the demand to try the case in the ordinary way, than does this record. The administrators resisted in writing, the motion to transfer to equity; they orally argued their resistance; at the time the case proceeded to trial they filed what they called "additional exceptions", again objecting; they offered no evidence; they refused to cross-examine. The decree itself says that the administrators objected. Certainly, under such a record there was no waiver. What more they could have done to protect their rights is hard to conceive.

The court erred in transferring the case to equity. It necessarily follows that the judgment and decree of the lower court must be, and it is hereby, reversed.—Reversed.

RICHARDS, C. J., and all Justices concur.