IN RE ESTATE OF MATTHEW L. CUSTER.

HELEN BENSON AND RALPH BENSON, Appellants, v. S. J. SAYERS, Executor, Appellee.

No. 45380.

JANUARY 21, 1941.

REHEARING DENIED MAY 9, 1941.

Doran & Doran, for appellants.

Wilson & Harris and Jacob M. Lashly, for appellee.

MILLER, J.—Matthew L. Custer, the decedent herein, died testate August 27, 1937, while a resident of St. Louis, Missouri. His will was admitted to probate in the probate court of St. Louis county, Missouri. Walter Wehrle qualified as executor and acted as such. By the terms of the will, one half of the estate was devised and bequeathed to Mildred Custer, widow of decedent, and the other half was placed in trust for the benefit of Betty Lou Custer, only child of decedent, a daughter by a previous marriage.

Helen Benson, sister of the decedent and one of the claim-

ants herein, secured an ancillary administration in the district court of Greene county, Iowa, by virtue of the fact that decedent died seized of two farms in that county. S. J. Sayers was appointed executor in the ancillary administration in Iowa and qualified as such. Helen Benson filed a claim based upon a promissory note, executed by decedent, dated December 12, 1935, for $7,245, due six months after date. Thereafter, Helen Benson and Ralph Benson, her husband, filed a claim based upon a promissory note, executed by decedent, dated July 12, 1934, for $12,400 due six months after date. S. J. Sayers, executor, filed answers to both claims, in which answers he asserted a general denial and also asserted that there was no consideration for either note and that each was void.

The two claims were consolidated for the purpose of trial. The trial was had to the court without a jury. The court denied both claims, entered judgment accordingly and claimants have appealed therefrom. There are several questions of procedure presented herein which we will first determine.

I. The first question concerns the kind of proceedings adopted by the parties in the trial below. At the outset, the following colloquy occurred: "The Court: I suppose this is a law action. Mr. Harris: It is a law action, yes, sir. The Court: You don't want to try it as equity, do you? Mr. Harris: I'll agree that the Court may reserve his rulings the same as he does in an equity action. Mr. Doran: And that the cause will be tried as an equitable action? The Court: That would be the net result of it, wouldn't it? Mr. Harris: Yes, that would be the net result of it. * * * The Court: I'll note that by agreement of the parties that the— Mr. Doran: That this is triable as an equitable action. The Court: Yes." Pursuant to the foregoing, the cause was tried "as an equitable action". The question presented to us is whether the cause is triable here de novo or solely for the correction of errors at law.

Section 4, Article V, Constitution of Iowa, provides, "The Supreme Court shall have appellate jurisdiction only in cases in chancery, and shall constitute a Court for the correction of errors at law, under such restrictions as the General Assembly may, by law, prescribe". This provision of the constitution was

materially affected by the enactment of the statute, which is published as section 2608 of the Revision of 1860, to wit: "The forms of all actions and suits heretofore existing are abolished; and hereafter, there shall be but one form of action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which shall be called a civil action." In a footnote to this section is set out a comprehensive excerpt from the report of the commissioners on civil practice, in which appears the following significant statement [R. 60, pages 448, 449], "Rights substantive are embalmed in the constitution—rights adjective, or the modes of asking for the former, are accidental—have been always flexible—never have been, in many particulars, well defined. * * * We can not consent to return again to the dead mumblements of the past, and we know that neither the people, nor the bar, nor the bench would allow it." Section 2610 of the Revision of 1860 provided, "The proceedings in a civil action may be of two kinds; 1, ordinary— 2 equitable." The two statutes are now consolidated and appear as section 10940 of the Code, 1935, to wit, "All forms of action are abolished, but proceedings in civil actions may be of two kinds, ordinary or equitable."

By reason of the foregoing, it readily appears that, in construing section 4 of Article V of the Constitution of Iowa, we must be mindful of the fact that for 80 years forms of actions have been abolished. There is but one form of a civil action. However, there are two kinds of proceedings, equitable and ordinary. Where ordinary proceedings are had, this court on appeal acts solely for the correction of errors at law. If equitable proceedings are had, this court may and does exercise appellate jurisdiction and the cause is tried de novo here.

Fundamentally, proceedings on a claim in probate are by ordinary proceedings. Section 11963, Code, 1935; In re Estate of Mason, 223 Iowa 179, 272 N. W. 88, and cases cited therein. However, even in probate proceedings, the parties may stipulate that the trial be had by equitable proceedings. In the event of an appeal, the proceedings are still equitable and the trial here is de novo. An illustrative case is that of In re Estate of Brooks, 229 Iowa 485, 492, 294 N. W. 735, 739, where a will contest was con-

solidated with other causes and tried by equitable proceedings both in the court below and here. We there state:

"In determining the questions of fact herein, the method of trial below becomes important. As heretofore pointed out, by agreement of the parties, the causes were consolidated and tried together as an equitable action. This court has repeatedly held that, where an action is tried below as an equitable action, it will be so considered here and, accordingly, will be tried de novo. Walters v. Heaton, 223 Iowa 405, 417, 271 N. W. 310, 317; In re Estate of Moore, 211 Iowa 804, 808, 232 N. W. 729, 730; Murphy v. Hahn, 208 Iowa 698, 701, 223 N. W. 756, 759; Sutherland State Bank v. Furgason, 192 Iowa 1295, 1307, 186 N. W. 200, 205; Todd v. State Bank, 182 Iowa 276, 294, 295, 165 N. W. 593, 599."

In the case of In re Estate of Moore, supra [211 Iowa 804, 808, 232 N. W. 729, 730], we state, "It seems to be conceded that this trial was held as in equity and determined as in equity, from which it necessarily follows that the cause is here before us for trial *de novo.*" We are satisfied that by stipulation of the parties the trial herein was "held as in equity". Such being the trial below, the cause is here before us for trial de novo.

II. The next question for our decision requires determination of the burden of proof. The appellants offered the two notes and rested. This made out a prima facie case. Section 9484, Code, 1935. The executor then introduced evidence tending to show that neither note was executed for a legal consideration. This cast upon the claimants the burden of introducing further evidence because the burden of proof on the question of consideration rests upon the claimants.

In Spurway v. Read, 210 Iowa 710, 712, 231 N. W. 306, 308, we state:

"It is a well settled rule under the Negotiable Instrument Law that, where want of consideration is pleaded, and the defendant gives evidence tending to show such want of consideration, the burden is on the plaintiff to show by a fair preponderance of the evidence upon the whole case, that there was consideration. Brannan's Negotiable Instruments Law (4th Ed.) 218, and cases there cited, showing this doctrine to be quite uniform in the various states under this law."

The foregoing statement was quoted with approval and applied by us in the case of Young v. Jackson, 218 Iowa 628, 629, 255 N. W. 877, 878. We are satisfied that the burden of proof on the whole case as to the existence of consideration for each of the notes herein rested upon the claimants.

III. The next question challenges the admissibility of much of the evidence introduced by claimants on the issue of consideration for the notes. This evidence consisted of the testimony of the claimants regarding personal transactions had by them with the decedent. The testimony was received subject to a standing objection that the witnesses were incompetent under the dead man's statute, section 11257, Code, 1935. Counsel for claimants do not question the fact that, under the provisions of that section, the witnesses were incompetent. They contend, however, that the defendant executor waived the right to object to such evidence by having the widow of the decedent and Walter Wehrle, executor of the estate in Missouri, testify to facts tending to show that there was no consideration for either note and, therefore, under the provisions of section 11258 of the Code, 1935, the claimants were permitted to show the whole transaction, freed from the restrictions of section 11257.*

Section 11257 of the Code, 1935, renders incompetent a party to the action or a person interested in the event thereof. The claimants herein were parties to the action and were inter-

---

*Sections 11257 and 11258 of the Code, 1935, provide as follows:

"11257. Transaction with person since deceased. No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, insane or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or the assignee or guardian of such insane person or lunatic.

"11258. Exceptions. This prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor, or guardian shall be examined on his own behalf, or as to which the testimony of such deceased or insane person or lunatic shall be given in evidence."

ested in the result thereof. They were clearly within the prohibition of section 11257 and were rendered incompetent thereby to testify to personal transactions with the deceased. Section 11258 of the Code is made dependent upon the contingency that the executor, devisee, etc., "be examined on his own behalf" or "the testimony of such deceased * * * person * * * be given in evidence". The testimony of the deceased was not offered at the trial. Therefore, the only basis for the application of the exception stated in section 11258 is the contention that the executor or devisee was "examined on his own behalf". For a person to be "examined on his own behalf" he must be a party to the action. This provision of section 11258 therefore limits the application of the exception to those instances where the executor or devisee, who testifies as to the transaction, is a party to the action. This court has repeatedly so held. Canaday v. Johnson, 40 Iowa 587, 590; Wood v. Brolliar, 40 Iowa 591, 594; Mehlisch v. Mabie, 180 Iowa 450, 461, 160 N. W. 368, 372.

In the case of Canaday v. Johnson, supra [40 Iowa 587, 590], we state:

"This action is against the administrator of W. C. Johnson, deceased. He is the sole party defendant. Against him the plaintiff is not competent, under the rule above named, to testify as to any personal transaction or communication which occurred between plaintiff and the deceased. The fact that the widow of deceased has testified respecting the settlement of the account, does not open the way for plaintiff to testify respecting such personal transaction and communications. In order that he may do so, it is necessary that the defendant should not only be a witness in his own behalf, but that he should also testify respecting such transaction or communication."

In Wood v. Brolliar, supra [40 Iowa 591, 594], we state:

"If an executor, heir at law, or next of kin, is a party to an action, and in his own behalf testifies respecting any personal transaction or communication between the deceased and the opposite party, or a third person interested in the event of the suit, then such other party or interested person may testify respecting the same transaction. See Canaday v. Johnson, ante, p. 587."

In Mehlisch v. Mabie, supra [180 Iowa 450, 461, 160 N. W. 368, 371], we state:

"There is, we think, some basis for the argument that the last clause in Section 4604 has reference to evidence introduced on behalf of the administrator, heirs at law, etc., rather than the testimony of such person himself, because, as to the administrator at least, he is usually a disinterested person, without personal knowledge of transactions between deceased and other persons. The same reasoning, perhaps, would apply to a guardian, and some of the other persons named in the exception. And there is reason, too, for the argument that, where one party has opened up one side of a transaction, the other side should be permitted to meet it. But the statute does not so read, and the question seems to have been foreclosed by the Canaday case, supra. This case, so far as we are able to discover, has not been before questioned since it was decided, some 40 years ago. Our conclusion is that the court ruled correctly at this point."

Certain language appears in the case of Kauffman v. Logan, 187 Iowa 670, 675, 174 N. W. 366, 367, wherein this court distinguished the cases of Mehlisch v. Mabie, supra, and Canaday v. Johnson, supra, on the grounds that there had been a change in the statute. However, the statute to which the court referred was not the dead man's statute. In the case of Canaday v. Johnson, at page 589 of 40 Iowa, this court quotes verbatim the provisions of section 3639 of the Code, 1873. It will be noted therefrom that the first sentence of said section 3639 of the Code, 1873, reads verbatim with section 11257 of the Code, 1935, and the second sentence of section 3639 of the Code, 1873, reads verbatim with section 11258 of the Code, 1935, with the sole exception that the first word "but" appearing in the second sentence of section 3639 of the Code, 1873, has been omitted. Accordingly, the change in the statute to which this court referred in Kauffman v. Logan, supra, occurred in a different statute than the dead man's statute. It was in the statute in reference to the burden of proof that a claim is unpaid. That statute is not involved in this litigation. Here the question is whether or not there was any consideration for the notes claimants seek to col-

lect. Accordingly, the language appearing in Kauffman v. Logan, supra, has no application to the question before us.

Under the record herein, the executor, who was a party to the action, was S. J. Sayers. He was not a witness. The persons who were witnesses were Walter Wehrle, executor in Missouri, and Mildred Custer, widow of decedent. Neither of them was a party to this action. Accordingly, the fact that they were witnesses is not sufficient to invoke the exception provided for in section 11258 of the Code, 1935, unless we are to overrule our former decisions interpreting the section. We have re-examined those decisions. We think they are sound in view of the language of the statute. The statute has remained unchanged since the Code of 1873. We see no reason for our changing an interpretation of that statute which has been adhered to for 65 years. Accordingly, we hold that the testimony of Walter Wehrle and Mildred Custer was not an examination "on behalf" of either of them because neither was a party to the action. The testimony of such witnesses was not sufficient to support claimant's contention that section 11258 of the Code can be invoked. The exception is not applicable. Section 11257 is applicable. Claimants were incompetent to testify to the personal transactions had with the decedent. The competency of such witnesses was properly challenged under a standing objection by stipulation of the parties. The testimony must be disregarded by us.

IV. Claimants contend that the defendant waived his objection to their testimony regarding transactions with the decedent by cross-examining them in regard thereto. As heretofore stated, the testimony of the claimants in regard to those transactions was taken subject to a standing objection that they were incompetent to so testify because of the dead man's statute. We are satisfied that the cross-examination of claimants under such circumstances did not constitute a waiver of the objections so made to their competency.

In the case of Donnell v. Braden, 70 Iowa 551, 552, 30 N. W. 777, 778, we state:

"When the defendant was introduced as a witness, and was about to testify as to the personal transaction with the deceased, the plaintiff objected to his competency, but, as is the universal practice, we believe, in actions in equity, the court made no ruling,

and permitted the defendant to testify, to the end that the question might be fully presented and determined by this court. The plaintiff cross-examined the witness, and it may be that the facts were more fully brought out on such examination than they had been in chief; and it is now insisted, if the evidence elicited on the examination in chief is excluded, that on cross-examination cannot be, because it was introduced by the plaintiff. But, as the witness was incompetent to testify, and such objection was made at the proper time, we do not think the plaintiff waived such objection by the cross-examination.''

The position taken by us in the foregoing quotation was expressly followed in the case of Peacock v. Gleesen, 117 Iowa 291, 295, 90 N. W. 610, 611, wherein we state:

''She also urges that the objections thereto were waived by cross-examination. This court has held otherwise. Donnell v. Braden, 70 Iowa, 551; Metropolitan Nat. Bank v. Commercial State Bank, 104 Iowa, 682. Some propositions in practice ought to be treated as too well settled to require vindication, and that pertinent cross-examination waives nothing is one of them.''

■ V. In view of our holding that the claimants are incompetent to testify regarding transactions had with the decedent, we must disregard such testimony. With the testimony so disregarded, the court was clearly right in holding that the claimants had failed to establish consideration for the $12,400 note. The argument of counsel for claimants in this court practically concedes that such would be the case were we to disregard such testimony. We are also satisfied that the court was right in holding that claimants have failed to establish consideration for the $7,245 note.

In announcing his decision herein, the court states as follows:

''The estate, with respect to these claims, has made the necessary showing to make it incumbent upon claimants to proceed with their proofs as to consideration for each of these notes involved herein. The estate has made this showing in two ways: viz.: First, by proof of admissions made by claimants to Walter Wehrle, the executor of Dr. Custer's estate in Missouri, that such

notes had no consideration. Second, by showing made of the financial status of Dr. Custer and of claimants and the respective records of their accounts and assets, all tending to negative consideration for the notes.

"The claimants have testified as to the alleged consideration for these notes. As to much of such testimony they were incompetent witnesses under Section 11257 of our Code and under the law their testimony, even if true, could not be received to establish the consideration which they have undertaken to attribute to the taking of these notes.

"The Court, however, after fully considering their testimony, as well as all the other testimony in the case, is fully satisfied that these notes should not be allowed and that they, with the other note held by claimants, are wholly without consideration and do not constitute valid claims against this estate. * * *

"The Court is satisfied that the notes of claimants were given by Dr. Custer without any consideration therefor and as a part of his general plan of subterfuge in which he was engaged, and known by claimants to be engaged, in covering up his property and undertaking to conceal the extent of his net worth."

The testimony herein is quite voluminous. It presents disputed questions of fact, the determination of which depends in large part upon the credibility of the opposing witnesses. The court below had the witnesses before him and was in a far better position to determine the issue of credibility than is this court. In the case of In re Estate of Brooks, supra, we state (229 Iowa 485, 492, 493, 294 N. W. 735, 739) as follows:

"Even though a case is tried de novo in this court, we have nevertheless repeatedly recognized that, where the testimony is conflicting, great weight is accorded the findings of the trial court, because the witnesses are before him and he is in a far better position to pass upon their credibility than is this court, which is limited to the printed record. Kurth v. Kansas City Life Ins. Co., 227 Iowa 242, 252, 288 N. W. 90, 95; Bates v. Zehnpfennig, 220 Iowa 164, 169, 262 N. W. 141, 144; Andrew v. Citizens State Bank, 220 Iowa 219, 228, 261 N. W. 810, 814; Westendorf v. Westendorf, 187 Iowa 659, 670, 174 N. W. 359, 362; Rembe v. Ferguson, 183 Iowa 29, 33, 166 N. W. 720, 721."

The facts presented by the record herein on the disputed questions of fact are of interest only to the parties to this litigation. Accordingly, we will not prolong this opinion by a comprehensive statement of such testimony. Suffice it to say that we have carefully examined the record. There is abundant support for the decision of the trial court. When we add to this the fact that considerable weight must be given to his finding on the issue of the credibility of the witnesses, we see no reason to disturb his findings of fact.

The decree is affirmed.—Affirmed.

BLISS, STIGER, WENNERSTRUM, and GARFIELD, JJ., concur.

HALE, C. J., and SAGER, J., concur in the result.

MITCHELL and OLIVER, JJ., dissent.

MITCHELL, J. (dissenting)—I cannot agree with that part of the opinion that holds that the testimony of the claimants regarding personal transactions had by them with the decedent was inadmissible. The statute section 11258, Code of 1935, sets out certain exceptions to the dead man's statute. One of these is where the executor of the estate shall be examined on his own behalf. This record shows that the will of Dr. Custer named as co-executors of his estate, Mr. Wehrle and Mr. Sayers. Mr. Wehrle qualified as executor of the Custer estate in Missouri, the domicile of the decedent prior to his death. Mr. Sayers qualified as executor in Greene county, Iowa. The estate offered as one of its witnesses Mr. Wehrle, the person named as co-executor in the will, and the duly qualified and acting executor in Missouri. He testified as to personal transactions with Dr. Custer and also that as executor he came to Iowa and transacted business for the estate concerning the notes upon which claim in the case at bar is filed. This claim is against the estate of Dr. Custer and the Missouri estate as well as the Iowa estate will be affected by the outcome. The testimony of Mr. Wehrle, the co-executor named in the will, and the acting executor in the state of Missouri, seems to me to make the claimants competent witnesses as to the transaction testified to by Mr. Wehrle.

I am authorized to state that JUSTICE OLIVER joins in this dissent.